## 8431

### DOWLING v. CHARLESTON & W. C. RY. CO.

#### (81 S. E. 313.)

1. MANDAMUS—DEMURRER—FACTS ADMITTED.—A demurrer to a petition for a writ of mandamus admits the truth of all facts alleged and of all facts which can by fair and reasonable intendment be inferred from those alleged.

2. CARRIERS—FURNISHING CARS—IMPLIED CONTRACTS.—A railroad company built a sidetrack on its right of way to accommodate an oil mill, and shortly afterwards a sawmill was built near it between the oil mill and the main line. For several years it furnished cars on the sidetrack for the sawmill as well as other mills, and still furnishes cars for the use of the oil mill. It could place cars on the sidetrack for the use of the owner of the sawmill at a saving of time, labor, and money to itself, and it had no adequate and reasonable facilities for loading lumber on another sidetrack where it offered to furnish cars. Shortly before its refusal to furnish cars on the sidetrack, it promised through its roadmaster to extend the sidetrack for its own and the sawmill owner's convenience. Relying on the previous course of dealing and being led to believe by the company that it would continue to furnish cars, the sawmill owner expended a considerable amount in repairs and improvements to the mill, of which, and also of the fact that he had acquired large quantities of timber to manufacture into lumber for shipment, the company had notice. If the company was not required to furnish cars, the mill owner would be compelled to go out of business, and to sacrifice his property and industry. *Held*, that the facts showed an implied contract by the railroad company to continue to furnish cars on the sidetrack for the shipment of the mill owner's lumber, and it was, therefore, bound to do so.

3. CONTRACTS—IMPLIED CONTRACTS.—The law implies a contract between persons where the ordinary course of dealing between them, considered in the light of all the circumstances, reasonably warrants the inference that they mutually intended to contract.

4. CARRIERS—SHIPPING FACILITIES—REASON FOR FAILURE TO FURNISH.— Where a railroad company owes a party no duty to furnish him cars on a sidetrack, its reasons for its refusal to so furnish them is immaterial.

---

NOTE.—This case was heard at the November term, 1912, before Mr. Justice Gage was elected Associate Justice. Its earlier publication was inadvertently delayed.—REPORTER.

As to mandamus to compel private corporation to perform duties arising out of contract, see notes in 8 A. & E. Ann. Cas. 410, 12 A. & E. Ann. Cas. 112, A. & E. Ann. Cas. 1912c, 890.

5. Mandamus—Demurrer—Permitting Filing of Answer.—Where a petition for a writ of mandamus to compel a railroad company to furnish cars on a sidetrack showed an implied contract by the company to so furnish them, the company upon the overruling of its demurrer to the petition would be allowed to answer only on condition that it perform the implied contract pending the hearing and decision on the merits.

In the Original Jurisdiction.    November term, 1912.

Petition by John C. Dowling for a writ of mandamus against the Charleston & Western Carolina Railway Company.

*Mr. Julius P. Youmans,* for relator.    *Mr. F. B. Grier,* for respondent.

February 7, 1913.

The opinion of the Court was delivered by Mr. Justice Hydrick.

The petitioner applied to this Court for a writ of mandamus, requiring the respondent to furnish him cars on a certain sidetrack of respondent's, at Brunson, S. C., on which his lumber mill is located, for the shipment of his lumber, the product of said mill, and, also, to furnish for the use of the public, at said station, suitable sidetracks and platforms for the loading of lumber for shipment. The defendant demurred to the petition for insufficiency.

The demurrer admits the truth of all facts alleged, and also of all facts which can, by fair and reasonable intendment, be inferred from those alleged.

For a proper understanding of the principles involved and decided, it will be necessary to state only the substance of these allegations whose sufficiency is questioned by the ground of demurrer considered, and it will not be neces-

sary to state other allegations which are material only in other aspects of the case.

The petitioner alleges: That, in 1904, respondent built a sidetrack on its right of way alongside an oil mill, which had been recently erected; that, in a short time thereafter, a saw mill was built near the same sidetrack, between the oil mill and respondent's main line; that a tar still was also built on the same sidetrack; that from the time each of said industries was established, and as long as it was in operation, the respondent furnished cars on said sidetrack for the shipping of their products, and that it still furnishes cars for the use of the oil mill; that, on October 1st, last, respondent notified petitioner that it would no longer furnish cars on said sidetrack for the shipment of his lumber, and has refused, since that time, to do so, notwithstanding the business has been profitable to respondent, and notwithstanding respondent can place cars on said sidetrack for petitioner's use at a saving of time, labor and money to itself, rather than require him to load his lumber on cars placed on another sidetrack, where it has no adequate and reasonable facilities for loading lumber, it, nevertheless, has refused and still refuses to place cars on said sidetrack for petitioner's use, whereby he has been compelled, at great expense, to haul his lumber to another sidetrack where respondent has not reasonable or adequate facilities for loading; that petitioner bought the saw mill plant in 1910, and respondent furnished him cars for the shipment of his lumber without question or objection until the time above mentioned; that only a few months before the controversy arose respondent, through its roadmaster, promised petitioner to extend said sidetrack two car lengths for its own and petitioner's convenience in shipping his lumber; that petitioner's plant is worth about $15,000.00, and relying upon the previous course of dealing of respondent with the owners of said saw mill, and being led thereby to believe

that respondent would continue to furnish him cars, petitioner recently, and within a few months of the time above mentioned, expended about $1,500.00 in repairs and improvements to his said mill; that respondent was aware of this expenditure, and also of the fact that he had acquired large quantities of timber, which it was his purpose to manufacture into lumber for shipment; that, in view of all the circumstances, there was an implied contract on the part of respondent to furnish petitioner with cars for the shipment of his lumber, and the notice of respondent's intention to discontinue doing so was unreasonably short; that petitioner now has on his hands about $2,000.00 worth of lumber for shipment, and that he has no way of shipping it, because of respondent's refusal to furnish him cars on said sidetrack, as respondent has no lumber skids or other platform on its other sidetracks suitable for unloading lumber on cars; that unless respondent is required to furnish cars he will be compelled to go out of business, and his property and industry will be sacrificed.

The law implies a contract between persons where the ordinary course of dealing between them, considered in the light of all the circumstances, reasonably warrants the inference that they mutually intended to contract.

The foregoing facts alleged in the petition, and admitted by the demurrer, clearly warrants the inference that the parties mutually and tacitly entered into a contract, whereby respondent was to furnish cars for the shipment of petitioner's lumber. It follows that there is a special duty imposed upon respondent under the law to do so.

In this view of the case, it matters not that it is also alleged and admitted by the demurrer, that respondent's refusal to furnish cars was arbitrary and unreasonable and actuated by spite and malice and the intent to injure petitioner, because he had, two days before the action taken by respondent, sued respondent for damages

caused to his land by one of respondent's embankments; for, if respondent owed petitioner no duty, the reasons for its refusal to furnish him cars are not material.

This conclusion renders the consideration of the other grounds of demurrer unnecessary as well as the contention of petitioner that respondent is bound, under the law, to furnish reasonable and suitable facilities at Brunson for loading lumber on its cars, and also suitable cars for the shipment thereof. It may be true, as contended by defendant's counsel, that the plaintiff has no right to require the defendant to enter into a new contract for the construction of a sidetrack, or to confer upon him the use of a sidetrack already in use by another patron, and if the railroad company chose to furnish a special facility, which it is not required to furnish to the public, it could prescribe the terms upon which it would do so. *Mays* v. *S. A. L. Ry.,* 75 S. C. 495, 56 S. E. 30; *German American Insurance Co.* v. *Southern Railroad Co.,* 77 S. C. 467, 58 S. E. 337, 12 Ann. Cas. 495; *Mayfield* v. *Southern Railroad Co.,* 85 S. C. 165, 67 S. E. 132. The plaintiff's case, as set out in the complaint, however, does not depend upon the proposed new contract, but, as we have stated, upon the alleged agreement without any written contract already entered into between him and the railroad company to allow the plaintiff to use a sidetrack already in use by another shipper. If there should be any further litigation between the parties, all other questions may be presented and considered at the hearing of the case on its merits.

At the hearing respondent asked to be allowed to answer, if the Court should overrule the demurrer. This request should be granted only upon condition that respondent perform the implied contract with petitioner pending the hearing and decision of the case on its merits.

Therefore, it is ordered that the demurrer be overruled and that respondent have twenty days after notice of the fil-

ing hereof in which to serve and file its answer, and that the respondent forthwith, and until the further order of this Court, furnish the petitioner with suitable cars conveniently placed on said sidetrack for the purpose of loading and shipping its lumber.