20761

Joe EDENS, Jr., d/b/a Joe Edens, Jr. Realty and Carl F. Howard, Appellants, v. LAUREL HILL, INC. and Ben K. Summersett, Jr., Individually and as President of Laurel Hill, Inc., Respondents.

(247 S. E. (2d) 434)

*Edmund H. Monteith* and *Robert E. Salane,* Columbia, *for appellants.*

*Kermit S. King* and *Sally C. Copeland,* Columbia, *for respondents.*

September 11, 1978.

*Per Curiam:*

This action was instituted to recover real estate commissions allegedly due by respondents to the appellants for the sale of certain property in the City of Columbia, South Carolina. The lower court granted respondents' motion for summary judgment, and this appeal followed.

The order under appeal properly disposes of the issues and will, except for deletion of certain formal statements, be reported as the judgment of the Court.

The order, as directed to be reported, is as follows:

"This action was commenced by the service of a summons and complaint dated March 15, 1976, alleging that the plaintiff Carl F. Howard and the defendant Ben K. Summersett, Jr. entered into an express oral agreement whereby the plaintiff, Mr. Howard, was to act as real estate agent for the sale of certain premises known as Laurel Hill Motel, owned by the defendant, Laurel Hill, Inc., of which the de-

fendant, Ben K. Summersett, Jr., was president. The complaint further alleged that the plaintiff, Mr. Howard, undertook to find a purchaser for the Laurel Hill property; that the defendant, Mr. Summersett, agreed to pay the plaintiffs a real estate commission, and that the plaintiff, Mr. Howard, effected a bringing together of the defendant, Mr. Summersett, and the United States Government which ultimately led to the purchase of the subject property by the United States Government as a site for a new Federal courthouse and office complex in Columbia, South Carolina.

"The defendants answered on March 24, 1976, with a denial that the defendant, Mr. Summersett, ever entered into an agreement with the plaintiff, Mr. Howard, with respect to the sale of the property and that any real estate commission was due and owing to the plaintiffs.

"Thereafter, depositions of the plaintiff, Mr. Howard, and of the defendant, Mr. Summersett, were taken and formed the basis for defendants' motion for summary judgment.

"The issue presented was whether certain telephone conversations between the plaintiff, Mr. Howard, and the defendant, Mr. Summersett, resulted in a contract of legal force and effect between the parties.

"The circumstances surrounding the alleged contract arose by reason of an announcement in the newspaper that a new Federal courthouse and office complex was to be built in Columbia. Upon seeing this announcement, the plaintiff, Mr. Howard, contacted a number of people who owned property which might serve as a site for the new complex. Among those contacted was the defendant, Mr. Summersett, with whom Mr. Howard spoke by phone on three or four separate occasions.

"The depositions of Mr. Howard and Mr. Summersett both show that there were never any express words between these parties whereby Mr. Summersett agreed to have Mr. Howard act as his agent or whereby Mr. Summersett agreed to pay a commission to Mr. Howard. In none of the three

conversations between these parties did they ever agree on any of the terms for a sale of the Laurel Hill property; more specifically in the first conversation between the parties Mr. Summersett stated that he did not wish to sell but when questioned further by Mr. Howard, he said that he would sell, but did not have a price. At the time of the second conversation, Mr. Summersett still did not give Mr. Howard a price. At the time of the third conversation, the most that Mr. Summersett said, and that at Mr. Howard's suggestion, was that the price would be negotiable.

"The depositions further show that after Mr. Howard made a presentation to the General Services Administration of several pieces of property, he was not thereafter contacted by the General Services Administration to get a price, nor did he ever furnish them with a price, nor did he conduct any negotiations between the General Services Administration and Mr. Summersett.

"The first knowledge that either Mr. Summersett or Mr. Howard had of the selection of the property as the site for the Federal Building came from the newspaper. While the property was ultimately purchased by the United States Government, it was done so under threat of condemnation. Mr. Howard did not play any role in the consummation of the sale, and admits that at no time during his alleged involvement in the situation, had a price been agreed upon, had any terms been agreed upon, had any contract been made, had any offer been made, had any offer been received, or had any offer been accepted.

"Mr. Howard admits in his deposition that, until he has the very consequential item of price worked out in his real estate negotiations, he does not have a deal. He admits that in this case no price had been worked out. He further admits that at no time did he have an express agreement with Mr. Summersett that Mr. Summersett was to pay a commission if the property was sold, or as to any rate of commission if one was to be paid.

"Mr. Summersett's deposition is in substantial agreement with Mr. Howard's and points out that Mr. Summersett never gave Mr. Howard a price, never discussed any terms of sale or anything with respect to the length of any agreement and never intended to have an agreement.

"It is well settled in South Carolina that in order for there to be a binding contract between parties, there must be a mutual manifestation of assent to the terms. *Kitchens v. Lee,* 221 S. C. 59, 69 S. E. (2d) 67. Furthermore, the assent must be as to all of the terms of the contract. *Lee v. Travelers' Insurance Company of Hartford, Conn.,* 173 S. C. 185, 175 S. E. 429. Some terms are considered indispensable to a binding contract. Among these are price, time and place. 17 C. J. S. Contracts, § 36(2). Where a contract does not fix price, there must be a definite method for ascertaining it. 17 C. J. S. Contracts, § 36(2) (c).

"Applying these principles to the facts at hand, it is evident that the conversations between these parties do not amount to the formation of a contract. The parties never had a meeting of the minds as to any of the essential terms and their testimony shows affirmatively that there was no contract.

"There being no issue of material fact, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendants' motion for summary judgment be, and hereby is, granted."