21537

**B-L-S CONSTRUCTION COMPANY, INC.,** Appellant, **v. ST. STE-PHEN KNITWEAR, INC.,** Respondent.

(281 S. E. (2d) 129)

*Donald M. Holler,* Moncks Corner, *for appellant.*

H. N. WEST, Moncks Corner, *for respondent.*

August 3, 1981.

GREGORY, Justice:

The trial judge found no valid oral lease existed between the parties and relieved respondent St. Stephen Knitwear, Inc. from the payment of three months' rent. We reverse.

For seven years respondent rented the subject premises from appellant B—L—S Construction Company, Inc. Negotiations between the parties for the sale of the property were unsuccessful, and the parties thereafter orally agreed respondent could rent the premises for a term of four months at a rate of Four Thousand Five Hundred Dollars ($4500.00) per month.

The parties intended to reduce their agreement to writing, but the testimony is conflicting as to whether this was a condition precedent to a binding contract. The reduction was never accomplished. Respondent paid one month's rent and abandoned the premises. Appellant brought this action to recover the Thirteen Thousand Five Hundred Dollars ($13,500.00) in rent remaining under the oral lease agreement.

The matter was first heard by a master who found the parties orally agreed to rental of the premises for four months at the specified rate. He also found the reduction of the lease to writing was not a condition precedent to the

validity of the agreement. The trial judge concurred in both of these findings. Ample evidentiary support exists as to them. Accordingly, we affirm the trial judge's rulings as to these issues of fact. See *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The trial judge disagreed with the master's finding that the oral lease was valid. He found certain rights and obligations not agreed to at the time of the oral agreement were to be incorporated into the written contract. The trial judge concluded these unresolved issues were material and the contract was, therefore, not binding. We disagree.

In *Edens v. Laurel Hill, Inc.,* 271 S. C. 360, 364, 247 S. E. (2d) 434 (1978), this Court noted the three indispensable elements of a binding contract are price, time and place. And in *Columbia Ry. Gas & Electric Co. v. Jones,* 119 S. C. 480, 490-91, 112 S. E. 267 (1922), the essential elements of a binding lease agreement were said to be the grant of possession and exclusive use and enjoyment of the property, definite consideration or rent, and a certain term. All are present in the case at bar.

The unresolved provisions which concerned the trial judge were the question of the rights and obligations of the parties under the previous occupancy and certain responsibilities of the lessee upon vacating the premises under the subject lease agreement. These outstanding issues do not invalidate an otherwise undisputed agreement which contains a meeting of the minds or the essential elements set forth in *Edens* and *Jones.*

The case is remanded for entry of judgment in keeping with the findings of the master.

Reversed and remanded.

Lewis, C. J., and Littlejohn, Ness and Harwell, JJ., concur.