1751

Hazel WADE, Appellant v. R.A. BROOKS, Jr., as Personal Representative of the Estate of Nelson Edwards, Deceased, Respondent.

(413 S.E. (2d) 333)

Court of Appeals

*Henry Summerall, Jr.*, of *Summerall & Bailey*, Aiken, *for appellant.*

*Dennis M. Gmerek*, of *Bell & Surasky*, Langley, *F. Alex Beasley*, of *Bland & Beasley*, and *William H. Tucker*, of *Henderson & Salley*, Aiken, *for respondent.*

Heard Nov. 12, 1991; Decided Jan. 13, 1992.

Reh. Den. Feb. 6, 1992.

SHAW, Judge:

Appellant Hazel Wade brought this action against Respondent, R.A. Brooks, Jr., as Personal Representative of the Estate of Nelson Edwards claiming an entitlement to payment for personal services rendered to the decedent prior to his death. The probate court denied the claim and the circuit court affirmed. We affirm.

In 1978 Mrs. Wade and her children moved into a house owned by Mr. Edwards. Her rent was $25 per month but she didn't pay it regularly. She helped Mr. Edwards with farming until he became disabled. In 1982 Mrs. Wade and her four children moved into the house with Mr. Edwards. One of the four children was a son fathered by him at age 90. She fed, clothed, bathed and generally took personal care of him and the children. The house had no running water and no toilet and Mrs. Wade carried water from a spring to the house for all purposes. She admitted having sexual intercourse with him. She and the children remained in the home until 1986 when Mr. Edwards left to live in New York. He died in 1988.

We are asked to decide whether Mrs. Wade is entitled to payment for services to Mr. Edwards under some theory of law or was the living arrangement for their mutual benefit.

Also, did the trial court apply the correct standard of evidentiary proof in making its decision.

Mrs. Wade filed a Statement of Claim in the Probate Court of Aiken County. Following a denial of the claim by the Personal Representative of the estate, a hearing was held before the probate judge for Aiken County. The probate judge also denied the claim stating that there was no express contract between the parties and that Mrs. Wade didn't present any evidence of an implied contract as to any agreement concerning compensation for Mrs. Wade. The circuit judge affirmed the probate judge.

A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct. *Gaskins v. Blue Cross-Blue Shield of South Carolina*, 271 S.C. 101, 245 S.E. (2d) 598 (1978); *Moore v. Palmetto State Life Insurance Co.*, 222 S.C. 492, 73 S.E. (2d) 688 (1952). If agreement is manifested by words, the contract is said to be express. *Thomas v. Lomax*, 82 Ga. App. 592, 61 S.E. (2d) 790 (1950). If it is manifested by conduct, it is said to be implied. *Dowling v. Charleston & W.C.*

*Ry. Co.*, 105 S.C. 475, 81 S.E. 313 (1913). In either case, the parties must manifest a mutual intent to be bound. *Hughes v. Edwards*, 265 S.C. 529, 220 S.E. (2d) 231 (1975); *Shealy v. Fowler*, 182 S.C. 81, 188 S.E. 499 (1936). Without the actual agreement of the parties, there is no contract. *Edens v. Laurel Hill, Inc.*, 271 S.C. 360, 247 S.E. (2d) 434 (1978).

An implied contract, like an express contract, rests on an actual agreement of the parties to be bound to a particular undertaking. The parties must manifest their mutual assent to all essential terms of the contract in order for an enforceable obligation to exist. *Edens v. Laurel Hill, Inc., supra.* If one of the parties has not agreed, then a prerequisite to formation of the contract is lacking. *Shealy v. Fowler, supra.*

In the absence of actual agreement by the parties, an obligation to pay for benefits may be implied by law if: (1) the plaintiff conferred a benefit on the defendant; (2) the benefit was not conferred gratuitously but with an expectation of compensation; (3) the circumstances were such that the defendant knew or ought to have known the plaintiff expected compensation; and (4) the defendant chose to accept the benefit with such knowledge. *Muller v. Myrtle Beach Golf & Yacht Club*, — S.C. —, 399 S.E. (2d) 430 (Ct. App. 1990). This obligation is variously described as arising in quasi-contract, quantum merit, or restitution. In this case, there is no evidence Mr. Edwards knew Mrs. Wade expected money compensation for her services and accepted them on that basis.

We hold the trial court ruled correctly in finding there was no express, implied nor quasi-contractual basis on which to entitle Mrs. Wade to compensation.

Regarding the standard of proof applied by the probate judge and the circuit judge, Mrs. Wade claims there was error in holding that a clear and convincing standard was required on the issue of whether an express or implied contract existed. As stated above we hold there is no evidence to establish any type of contract, therefore, any error regarding burden of proof is harmless.

Affirmed.

BELL and CURETON, JJ., concur.