The opinion of the Court was delivered by
O’Neall, J.
The grounds taken for a new trial in this case,' may be resolved into the three following, viz.: 1st. That the plaintiff’s contract with the defendants was nudum pactum. 2d. That the defendants discount was barred by the statute of limitations. 3d. That the damages found for the defendants are excessive.
1st. To the first ground it is sufficient to answer, that the plaintiff’s and the defendants’ contracts were simultaneous; each was the inducement of the other. Promise for promise is a sufficient consideration. It has been supposed that there was no proof that the two contracts were made simultaneously; but the fact is so reported by the presiding Judge, and we must regard it as proved. It is said, however, that it appears from the report, to have been proved by incompetent testimony — the declarations of one of the defendants. If this had been so, and the plaintiff thought proper to permit the evidence to be given, without objection on the circuit, he would be precluded from making the objection here. But I have no doubt that the defendants’ declarations, on which the Judge relied, were part of the proof adduced by the plaintiff to shew the defendants’ contract of hiring; and if so, there could be no objection to their competency.
2d. It has been for various reasons supposed in the course of the argument, that the discount was barred by the statute of limitations. I shall proceed to examine these in the order in which *420 they were stated. It was contended that under the state of the pleadings, the defendants’ discount was barred. It appears that the defendants gave notice of and filed a discount on the 29th March, 1828, consisting of two items ; the first is stated to be “ damages for not delivering to the defendants the crop of cotton made by the plaintiff in the year 1823, to be boated to Charleston, say seventy bales, at two dollars and fifty cents per bale, as per contract, one hundred and seventy-five dollars.” The second is stated to be “ loss sustained by detention of boat and hands, two months, one hundred and seventy-five dollars.” (e Interest thereon from the 1st January, 1824, one hundred and fifty dollars.” To this discount the plaintiff pleaded that he did not promise and assume within four years. The defendants replied generally that he did.
A discount is not a formal plea requiring any replication ; it is merely a defence of which the party is at liberty to avail himself, by giving notice of it. To a , discount the plaintiff may oppose the statute of limitations on the trial, without any previous pleading. It whs therefore unnecessary that it should have been pleaded.
If the plaintiff’s plea had been insufficient in form, it would not have precluded him from relying on the statute. It would have been regarded in that case as mere surplusage in the record. If a mispleading of the statute could not have prejudiced the plaintiff, the plea cannot have the effect of putting the defendants on the issue whether the contract was made within four years, instead of the time at which their cause of action accrued. The whole of the pleadings in relation to the discount from its filing are immaterial, and cannot have the effect to prejudice either party.
But put the case upon technical grounds, and the plaintiff’s plea is insufficient. The defendants’ discount is predicated of an executory contract, on which they had no cause of action until they had legally entitled themselves to demand of the plaintiff performance, by offering on their part to do what *421 they were bound to do; To an executory contract, non assumpsit infra quatuor annos, is an insufficient plea, and may be set aside on demurrer, or may be struck out on motion. It is in such a case an immaterial plea, for it is not the statute of limitations, which allows to a party four years next after the cause of action given on account, within which to bring the action. The only .effect of a replication to such a plea, would be to give the party pleading it, the same advantage which he would have had if he had pleaded actio non acorevit. The replication makes it a good plea of the statue of limitations, which it would otherwise not have been. It was argued that the effect of laying the discount with interest from the 1st of .January, 1824, went to conclude the defendants from showing that their cause of action^ accrued subsequently. It may be that interest may accrue on a cause of action, before the party has any legal right to demand either the money stipulated to be paid, or damages for its non performance. It would therefore be no guide as to the time at which the cause of action accrued. But on giving to the discount a strict construction, it would seem that the interest claimed is confined to the last item, of which the verdict in favor of the defendants is not predicated. It is true, from the amount set down as interest, I have no doubt it was intended to cover the whole discount; but in strict grammatical construction from the words used, it applies only to the last item. If, however, it did apply to the whole discount, still it could not avail the plaintiff; for the defendants claim in the first item of their discount damages for the non-delivery of the crop of 1823, to be boated to Charleston, “ as per contract.” This distinctly made the question upon it to depend on the contract proved: and both their right of action, and of interest (had they been entitled to any) depended upon when it was broken by the plaintiff. This brings us to consider when did the defendants’ right of action, for a breach of contract, accrue ? In this respect I fully concur with the presiding Judge, that they had no right of action-until they offered to *422 perform the contract on their part. The plaintiff, according to his part of the contract, had the right at any time during the boating season, when his crop was gathered and ready for market, to deliver it to the defendants, to be by them carried to Charleston. Within the whole of this time they had the right to expect that he would deliver it. They were not bound to know when he sold it, and of course they were not bound then to sue him. Neither were they bound to demand the cotton, when they returned his negroes. After the press of boating during the winter and fix’st month of spring, they might have had sufficient hands of their own, to do all the business which remained; and they were therefore then at liberty to return the plaintiff’s negroes, and still expect when he had his crop ready, he would deliver it. The demand of performance to entitle the defendants to recover, must have been after the plaintiff had gathered his crop, and had it ready for market, and within the boating season. All of these requisites were complied with. The demand was made after his crop was gathered and ready for market; for he had previously sold it. It was within the boating season, which 'extends at least to the month of May. The. demand of the cotton and the offer to carry it to Charleston, was in April, 1824, the defendants’ right then accrued; and as more than four years had not intervened between it and the filing of the discount, the defendants are not barred.
8. The amount of damages sustained by the defendants was a question of fact for the jury. It may be that they have been allowed more than justice demanded; but it also may well be, that the actual damages to the defendants were greater than the sum found by the verdict. The jui’y were better able to decide on such a matter than we can be.
The motion for a new trial is dismissed.
JohnsON and HARPER, JJ,, concurred.

Motion dismissed.