33215. THOMAS *v.* LOMAX.

DECIDED OCTOBER 28, 1950.

*Oliver & Oliver,* contra.

FELTON, J. 1. From a reading of the petition it cannot be determined whether the plaintiff was seeking to show breach of

an express or an implied contract. However, the plaintiff's counsel, upon inquiry of the court, twice stated that the plaintiff's action was based upon an express contract. Relying on these statements, both the court and the defendant's counsel tried the case on that theory and the plaintiff is bound by such election.

2. Having taken the position in judicio that her action was on the theory of an express contract, the plaintiff is limited to an action on an express contract. *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.*, 28 *Ga. App.* 391 (111 S. E. 220). An express contract is one where the intention of the parties and the terms of the agreement are declared or expressed by the parties, in writing or orally, at the time it is entered into. *Douglas* v. *Stephens*, 27 *Ga. App.* 486 (1) (108 S. E. 833); *McInerney* v. Detroit Trust Co., 279 Mich. 42 (271 N. W. 545). The following testimony by the plaintiff is the only evidence the plaintiff introduced in an effort to prove an express contract: "I was hired by Mrs. Thomas to clerk in the store up there at Lula. That was February 1, 1945. She was to pay me six dollars per week. I worked four years. She has not paid me anything. She has promised to pay me. She promised to pay me during the four-year period. She owes me the full amount now. The amount is $1240. I went to the store February 1, 1945, on the first day of February. I didn't go there before then. I was living across the river when I went to the store. . . When Amanda said she would pay me six dollars a week for working in the store was when she asked me to take the store and see after it. It was right there in the store. When I come to the store was when she asked me to take it. As to whether I had already come from across the river and was there in the store before she ever asked me to take it, she asked me to take it and take care of it and do the best I could. As to when was it that she asked me to take it and take care of it and whether that was the reason I came from across the river, it was 1945. . . She asked me to come was the reason I come to come from across the river at all. And after I came she made this trade with me. As to why I came if I didn't have a trade, well, I just went home with her and then she took a notion to go home. I went home with her because she asked me to. . . It was in 1945 that she said she would pay me six dollars a week. She never paid

me a cent of that during all these four years. And I just kept working there. I didn't sue her for it, she kept promising to pay it. As to when was the first time she promised to pay it, different times, all along during the four years. I don't remember just what date it was. As to how long I had been working when she promised to pay me the first time, I worked there for just. . . I don't remember. As to when was the last time she promised to pay me, well, I don't know the date of that. . . Yes, she promised to pay me all along. . . Well, she told me she would pay me. if I stay and take care of it and do the best I could with it and that's what I done. She said she would pay me six dollars a week. No, she wasn't to pay it at the end of every week. She didn't say how often. Just to pay me six dollars a week." This evidence fails to prove an express contract. There was no definite offer containing the necessary elements of a complete proposal which the plaintiff could accept, no definite terms as to the duties the plaintiff was to perform and no definite time as to length of employment. The plaintiff's evidence only showed an implied obligation on the part of the defendant to pay for the services rendered by plaintiff. The plaintiff testified that the defendant asked her to take care of the store and the evidence is undisputed that the defendant accepted the services of the plaintiff in caring for the store over the period of years involved in the case. Ordinarily, when one renders services to another which the latter accepts, a promise is implied to pay the reasonable value thereof. Code, § 3-107. The fact that the plaintiff and the defendant are sisters does not necessarily give rise to the exception to Code. § 3-107 because the services rendered by the plaintiff and accepted by the defendant were shown not to have been rendered under circumstances authorizing a finding that they were gratuitous if the plaintiff's version of the facts is accepted as true.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*