17456

UNITED STATES CASUALTY COMPANY, Respondent, v. Jacob M. HIERS and William C. Clarkson, d/b/a Hiers-Clarkson Insurance Agency, Appellants

(104 S. E. (2d) 561)

334

*Messrs. Robert S. Friedman* and *W. Clarkson McDow,* of Rock Hill, and *F. Ehrlich Thomson,* of Columbia, *for Appellants,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *John A. Marion,* of York, *for Respondent,*

July 31, 1958.

STUKES, Chief Justice.

This appeal is from judgment for plaintiff upon the pleadings. The complaint alleged the facts which were found in

the prior action of Taylor against the present respondent, appeal in which is reported as *Taylor v. United States Casualty Co.*, 229 S. C. 230, 92 S. E. (2d) 647. Reference to it will minimize repetition here. The delict of appellants in the failure to refund to Taylor the premium upon, and thereby effect the lawful cancellation of, the policy upon which the former action was brought, was alleged, whereby respondent suffered the loss of the amount of the judgment, costs and expenses in that action and appeal, which it had paid.

In their brief appellants summarize their answer as follows, quoting from page 2 of the brief:

"The first defense, (1) denies specifically any negligence on the part of the defendants resulting in loss to plaintiff; (2) alleges that the loss sustained in the *Taylor case* was caused by plaintiff's wrongful cancellation of the insurance policy and not defendants' failure to return the premium to Taylor; (3) denies all liability for cost of appealing the *Taylor case* to this Court, which defendants neither participated in or authorized.

"The second defense pleads the sole negligence of the plaintiff in wrongfully cancelling the Taylor policy as a defense to the cause of action set forth in the amended complaint.

"The third defense pleads the contributory negligence of the plaintiff in wrongfully cancelling the Taylor policy as a defense to the cause of action set forth in the amended complaint."

Reference is had to appellants' foregoing outline of their answer: (1) of the first defense is sham and frivolous in view of the finding in the *Taylor case* and the testimony therein of Mr. Hiers, himself. (2) and (3) of the first defense will be considered *infra*.

The second and third defenses refer to the "wrongful" cancellation of the policy by respondent, but it was wrongful (as related to Taylor) only because of appellants' agents' negligent failure to remit the premium to

respondent which they had collected from Taylor; as against all others respondent was within its rights in cancelling the policy for nonpayment of the premium. One cannot set up the result of his own wrong as a defense to his liability for the natural and probable consequence of the latter, which appellants would do by this plea.

The foregoing anticipates the fate of (2) of the first defense. Appellants' wrongful failure to remit the premium to respondent caused it to cancel the policy, with the resulting liability to Taylor. Again, appellants would shield themselves from liability for their wrong by hiding behind a direct and proximate result of it, which they should have foreseen. Such a position is patently illogical and no authority has been cited or found for it.

With reference to (3) of the first defense: Before the court upon the motion in the instant case was a letter from respondent's attorney to appellants, dated August 8, 1955, advising of the pendency of motions before the trial court in the *Taylor case* for judgment *n. o. v.* and for new trial. It contained notice that respondent would look to appellants for payment of the judgment and reimbursement of expenses if entered against it, and appellants were were invited to have their counsel assist in the argument of the motions. An additional exhibit was another letter from respondent's attorney to appellants, dated September 6, 1955, advising of adverse ruling upon the motions, enclosing a copy of the order and repeating respondent's position that the ultimate liability would be upon appellants. This letter also advised that notice of appeal had been filed and asked for appellants' "reaction" as to perfecting the appeal and, quoting from the letter, "What you would like to have done in regard to this?" The costs of appeal were pointed out and that the printing and other expenses would be included in the final liability, if the appeal should be lost. There was no response by appellants to these letters, which appear to have been ignored. (Respondent went forward with the appeal which was lost and Taylor's judgment was affirmed.) It was

the duty of appellants to voice at that time their opposition to appeal, if they were opposed. Under the circumstances, silence amounted to acquiescence. There is no contention that the appeal was frivolous; the wisdom of it cannot be judged by the result alone. Nor is there contention of impropriety in the amounts of the costs, expenses and attorney's fee. Like the others, this defense is without merit.

It is well settled by general rule that the failure of an agent of an insurer to comply with the instructions of the latter, whereby loss to it results, is liable over to the insurer. 29 Am. Jur., Insurance, Sec. 104 *et seq.; Westchester Fire Ins. Co. v. Bollin,* 106 S. C. 45, 90 S. E. 327. Annotations, Ann. Cas. 1917B, 493; Ann. Cas. 1918C, 1042; 22 L. R. A., N. S., 509; L. R. A. 1915A, 860, and 106 A. L. R. 1397. From the last cited we quote the opening statement of the editor.

"If an insurance company which is entitled under the terms of a policy to cancel or reduce the risk directs its agent to cancel or reduce same, it is his duty to do so with reasonable promptness, and if he negligently or willfully fails to carry out peremptory instructions to cancel or reduce he is liable to the insurer for the amount which it is required to pay in settlement of the loss."

Respondent forwarded the policy to the insured on September 14, 1953, with notice to him and to appellants that the balance of the premium must be paid by September 28. It was timely paid by the insured to appellants but they neglected to forward it to respondent who on October 7 cancelled the policy for non-payment of the premium. Appellants then forwarded it, asking that the policy be continued but respondent notified appellants and the insured that the cancellation would not be rescinded, and returned the remittance to appellants who failed to refund it to the insured and had not done so at the time of the *Taylor case,* according to the testimony of Mr. Hiers at the trial of it. Undoubtedly, appellants failed in their duty as agents, as was frankly admitted by Hiers in his testimony at the trial of the *Taylor case.*

Judgment upon the pleadings is a drastic procedure
■ but it will be granted in proper cases. Pertinent pro-
visions of the Code of 1952 follow:

Section 10-654. "Sham and irrelevant answers and de-
fenses may be stricken out on motion and upon such terms
as the court may, in its discretion, impose."

Section 10-1505. "If a demurrer, answer or reply be frivo-
lous the party prejudiced thereby, upon a previous notice of
five days, may apply to a judge of the court either in or out
of the court for judgment thereon and judgment may be
given accordingly."

Our relevant decisions are collected in 15 S. C. Digest,
Pleading, *et seq.* The remedy was allowed and judgment on
the pleadings was awarded in the recent cases of *Bank of
Fort Mill v. Rollins,* 217 S. C. 464, 61 S. E. (2d) 41; *Town
of Bennettsville v. Bledsoe,* 226 S. C. 214, 84 S. E. (2d)
554, and *Butler v. Schilletter,* 230 S. C. 552, 96 S. E. (2d)
661.

Although not contained in appellants' own summary of
their answer, quoted above, we nevertheless make brief men-
tion of other matters which were included in the answer.

It was alleged that respondent did not "vouch" ap-
■ pellants to defend Taylor's action. There was no duty
upon respondent to formally vouch appellants in the
*Taylor case.* They had full knowledge of the pendency of it,
were consulted in reference to the defense and Hiers testified
for respondent, who was the defendant in that case. He
frankly admitted the failure of appellants as agents and that
they still held the premium money which they should have
refunded to Taylor under the instructions of respondent
upon its cancellation of Taylor's policy. The decisions cited
by appellants to this point are not apposite and we have found
no authority for the position that appellants were released
from their liability to respondent by the failure of the latter
to vouch them in the defense of Taylor's case. On the con-
trary, in none of the many cases reviewed in the several an-

notations cited above does it appear that that practice was followed, much less required, in order to fix liability upon the misfeasant agent. See particularly, *National Union Fire Ins. Co. of Pittsburg v. Dickinson,* 92 Wash. 230, 159 P. 125, Ann. Cas. 1918C, 1042.

■ Appellants urge the fiction that, being respondent's agents, timely payment of the premium to them by Taylor was payment to respondent, whereby the policy was kept in force despite the cancellation of it. But the fact of the cancellation (which resulted from the delict of appellants) was the basis of the recovery by Taylor against respondent. Fiction cannot be indulged between principal and agent in the suggested fashion. The fact of the negligent failure of the agents here to remit leaves no room for the fiction and governs the rights and liabilities of the principal and the agents, as between themselves. Moreover, the records in this case and in the *Taylor case* disclose that appellants were guilty of two breaches of duty—in the failure to timely remit to respondent the premium which Taylor paid to them (which would have prevented the cancellation) and in failing to refund the premium to Taylor upon cancellation of the policy, which may have avoided liability to Taylor—both freely admitted by Hiers in his testimony in the *Taylor case* and wholly unexplained.

We are convinced, as was the trial court, that the answer presented no issue for trial. It is prolix and contains untenable legal conclusions and denials of some of the legal conclusions contained in respondent's complaint, none of which makes any issue for trial. All of the facts, which are relevant to the instant controversy, were established in the *Taylor case;* only questions of law are now presented for adjudication and they have been resolved against appellants' contentions.

■ It is noted in closing that the appellants virtually conceded in their answer that they were agents of the respondent for the purposes of the Taylor policy, and they did not except to that conclusion which is implicit in

the order of the trial court. (In the judgment on appeal of the *Taylor case* this court referred to the relationship as an "apparent agency.") Therefore, the law governing the relation of insurer and agent has been applied, of which appellants cannot be heard to complain in view of their pleading and appeal.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.