0303

STANLEY SMITH & SONS, Respondent, v. LIMESTONE COLLEGE, The Board of Public Works of the City of Gaffney, Hartford Accident and Indemnity Company, Jack E. Millwood, Basil H. Clary, Sr., and Joe Dean Knuckles, of whom The Board of Public Works of the City of Gaffney is the Appellant.

Appeal of BOARD OF PUBLIC WORKS OF CITY OF GAFFNEY.

(322 S. E. (2d) 474)

Court of Appeals

*James R. Thompson,* of *Saint-Amand, Thompson & Brown,* Gaffney, *for appellant.*

*F. Glenn Smith,* Columbia, *for respondent.*

Heard June 20, 1984.

Decided Oct. 29, 1984.

BELL, Judge:

This is an action in contract for damages. The jury returned a verdict for $37,255.24 in favor of Stanley Smith & Sons. The Board of Public Works appeals, asserting no contract exists between the parties as a matter of law. We reverse.

In March 1976, Stanley Smith contracted with Limestone College in Gaffney to construct a gymnasium on campus. The building was completed on or before October 1, 1976, at a cost to the College of $655,178. On October 1, 1976, Gaffney experienced extraordinarily heavy rainfall. Flood waters backed up through the sewer system of the gymnasium, doing serious damage to the property. Stanley Smith repaired the damage at a cost of $37,255.24. It then sued the College, the Board of Public Works, and the Board's insurance carrier for payment. At preliminary stages in the suit, the claims against the insurance carrier, the College, and the individual defendants were dismissed. The case went to trial against the Board alone. Stanley Smith tried the case on the theory that an implied contract existed between it and the Board to repair the flood damage on a "cost-plus" basis.

At appropriate stages of the trial, the Board moved for a nonsuit, a directed verdict, and for judgment non obstante veredicto on the ground that Stanley Smith failed to prove an implied contract. The Board appeals from the circuit court's denial of these motions.

In deciding motions for a nonsuit, for a directed verdict, or for judgment notwithstanding the verdict, the trial judge must consider the evidence in the light most favorable to the party opposing the motion. *Dunsil v. E. M. Jones Chevrolet Co.,* 268 S. C. 291, 233 S. E. (2d) 101 (1977); *Allstate Insurance Co. v. State Farm Mutual Automobile Insurance Co.,* 260 S. C. 350, 195 S. E. (2d) 711 (1973); *Melton v. Williams,* 281 S. C. 182, 314 S. E. (2d) 612 (S. C. App. 1984). If more than one reasonable inference can be drawn from the

evidence when so viewed, this Court will not reverse the trial judge's ruling denying the motions. *Mylin v. Allen-White Pontiac*, 281 S. C. 174, 314 S. E. (2d) 354 (S. C. App. 1984). On the other hand, if there is no evidence to support an essential element of the plaintiff's cause of action, the case should not be submitted to the jury, and a verdict in the plaintiff's favor cannot be permitted to stand. *Young v. Tide Craft, Inc.*, 270 S. C. 453, 242 S. E. (2d) 671, 1 A.L.R. 4th 394 (1978).

Stanley Smith brought this action in contract. A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct. *Gaskins v. Blue Cross Blue Shield of South Carolina*, 271 S. C. 101, 245 S. E. (2d) 598 (1978); *Moore v. Palmetto State Life Insurance Co.*, 222 S. C. 492, 73 S. E. (2d) 688 (1952). If agreement is manifested by words, the contract is said to be express. *Thomas v. Lomax*, 82 Ga. App. 592, 61 S. E. (2d) 790 (1950). If it is manifested by conduct, it is said to be implied. *Dowling v. Charleston & W. C. Ry. Co.*, 105 S. C. 475, 81 S. E. 313 (1913). In either case, the parties must manifest a mutual intent to be bound. *Hughes v. Edwards*, 265 S. C. 529, 220 S. E. (2d) 231 (1975); *Shealy v. Fowler*, 182 S. C. 81, 188 S. E. 499 (1936). Without the actual agreement of the parties, there is no contract. *Edens v. Laurel Hills, Inc.*, 271 S. C. 360, 247 S. E. (2d) 434 (1978).

In its complaint, Stanley Smith alleged an express promise by the Board to pay for the repairs. However, it now concedes no express contract has been proven. It admits there was no proof the Board requested it to repair the flood damage to the gymnasium or agreed to pay "cost-plus" for such repairs. In fact, the repairs were made at the express request of the College in accordance with specifications contained in the original contract between Stanley Smith and the College. The Board neither participated in nor expressly approved any decisions concerning how the gymnasium would be repaired.

Because it was unable to show an express contract, Stanley Smith now argues an implied contract was proven. *See Braswell v. Heart of Spartanburg Motel*, 251 S. C. 14, 159 S. E. (2d) 848 (1968) (complaint alleging express contract does not limit plaintiff to proof of express contract; he may support complaint by evidence of facts giving rise to implied contract). It further asserts it does not have to prove every element of

the contract to recover on an implied contract. This argument misstates the law.

An implied contract, like an express contract, rests on an actual agreement of the parties to be bound to a particular undertaking. The parties must manifest their mutual assent to all essential terms of the contract in order for an enforceable obligation to exist. *Edens v. Laurel Hill, Inc., supra.* If one of the parties has not agreed, then a prerequisite to formation of the contract is lacking. *Shealy v. Fowler, supra.* Therefore, Stanley Smith must prove the Board's assent by conduct to all those terms essential to create a binding contract. One such essential term is the price for which the work is to be performed. *See Edens v. Laurel Hill, supra.*

Stanley Smith relies on four factors to establish a binding obligation of the Board to pay "cost-plus" for the repairs. First, it points to evidence that an agent of the Board admitted the flood damage was caused by the Board's negligence in maintaining its sewer lines. Second, it notes there was proof that employees of the Board helped clean sewage from the gymnasium immediately after the flood. Third, it claims the "general demeanor" of the Board's agents at meetings held to discuss the problem led it to believe the Board accepted responsibility for the damage. Finally, it claims the Board's insurance carrier denied coverage for flood damage, leading it to believe the Board would pay for repairs.

Even if the jury found the evidence established these factors, they are insufficient to manifest an agreement by the Board to a "cost-plus" contract. At most, they establish that Stanley Smith had some basis for believing the Board ought to pay for the repairs; they do not prove the Board's intention to enter a binding contract.

On appeal, Stanley Smith also appears to argue it should recover the reasonable value of its services on a theory of unjust enrichment. We note the complaint did not state a cause of action in *quantum meruit.*[1] *See*

---

[1] Restitution is a remedy designed to prevent unjust enrichment. Historically the form of action for this remedy was assumpsit, although no contract, express or implied, existed between the plaintiff and the defendant. Because of this quirk of common law pleading, the term "contract implied in law" has been used to describe the circumstances under which the law imposes an

*Fitzsimons v. Guanahani Co.*, 16 S. C. 192 (1881) (on a complaint setting up an express contract there cannot be recovery on quantum meruit). In any event, the evidence before us, viewed in the light most favorable to Stanley Smith, fails to establish all the elements essential for a recovery on this theory.

Accordingly, the judgment of the circuit court is

Reversed.

SHAW and CURETON, JJ., concur.

obligation to make restitution for a benefit received, notwithstanding the absence of any agreement between the parties. The unfortunate use of "implied contract" to connote both true ("implied in fact") and quasi ("implied in law") contracts has led to much confusion. The distinction, however, is clear. A contract "implied in fact" arises when the assent of the parties is manifested by conduct, not words. A quasi contract, or one implied in law, is no contract at all, but an obligation created by the law in the absence of any agreement between the parties. *Bradkin v. Leverton*, 26 N. Y. (2d) 192, 309 N.Y.S. (2d) 192, 257 N. E. (2d) 643 (1970); L. Simpson, *Contracts* 5 (2d ed. 1965); J. Calamari & J. Perillo, *Contracts* 19 (2d ed. 1977).