1046

Jane F. ROLANDI, Appellant v. The CITY OF SPARTANBURG, Spartanburg Sanitary Sewer District, Converse College and W. N. Kirkland, Inc., Defendants, of whom The City of Spartanburg is the Respondent.

(363 S. E. (2d) 385)

Court of Appeals

*Michael A. DeVine*, of *Hodge & DeVine*, Spartanburg, *for appellant.*

*T. E. Walsh* and *William E. Walsh*, of *Gaines & Walsh*, Spartanburg, *for respondent.*

Heard Oct. 20, 1987.

Decided Nov. 23, 1987.

CURETON, Judge:

This case involves damage to real and personal property resulting from the backup of sewage from a sanitary sewer line. The plaintiff, Jane F. Rolandi, is the owner of a home in the City of Spartanburg. The residence is connected to the sewer system. The collection lines of the system are owned and operated by the City. On September 7, 1985, Rolandi returned home after a three week absence and discovered raw sewage had backed up into the home through a sewer line connecting the residence to the sewer system. Rolandi filed a complaint against the City and several other defendants. She alleged the damage occurred when the Converse College swimming pool was drained into the City sewer line. In essence, she claims the sewer system did not have the

capacity to handle the influx of material when the pool was drained. The City of Spartanburg filed an answer denying liability and asserting the defense of sovereign immunity. The City also filed a Rule 12 motion which was converted by the court into a motion for summary judgment under Rule 56. The trial court granted the City's motion and dismissed it as a defendant. Rolandi appeals. We affirm.

Rolandi's complaint asserts six causes of action. The first, third, and fourth causes of action assert negligence by the City. The second cause of action alleges a breach of an implied contract to provide sewer service. The fifth cause of action alleges an unauthorized taking of Rolandi's property. Finally, the sixth cause of action alleges denial of due process and equal protection of the laws based upon a claim the City has paid damages to other citizens who are similarly situated yet has failed to compensate Rolandi.

With respect to the negligence claims, the Statement of the Case indicates the City had no liability insurance in force on the date of the incident. The backup occurred within the three week period before September 7, 1985. The complaint was filed on July 2, 1986. The City provided an affidavit of the City Manager attesting to the lack of liability insurance. Given this situation, we agree with the trial court these claims against the City are barred by the doctrine of sovereign immunity. *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985); *Moore v. Berkeley County*, 290 S. C. 43, 348 S. E. (2d) 174 (1986); Section 15-78-20(c), Code of Laws of South Carolina, 1976 as amended; *Belue v. City of Spartanburg*, 276 S. C. 381, 280 S. E. (2d) 49 (1981), *overruled, McCall v. Batson, supra.*

Recognizing the potential problem with the sovereign immunity defense, Rolandi plead in her fourth cause of action the negligence of the City arose from its commercial function in operating the sewer system. On appeal, Rolandi urges this court to recognize a distinction between proprietary and governmental functions for those claims arising prior to July 1, 1986, and for which there is no liability insurance. While this distinction in the concept of sovereign immunity was argued prior to the *McCall* decision in dissenting opinions by now Chief Justice Ness of the South Carolina Supreme Court, the Supreme Court has not recognized this

164

separate characterization. *See, Boyce v. Lancaster County Natural Gas Authority*, 266 S. C. 398, 223 S. E. (2d) 769 (1976), *overruled, McCall v. Batson, supra; Belue, supra.* We decline to adopt this embellishment to sovereign immunity.

By her second cause of action, Rolandi alleges the City agreed to provide sewer service to her residence and she agreed to pay for those services. Rolandi alleges the City breached its agreement with her by allowing the backflow of sewage into her home. By claiming the existence of a contract, Rolandi seeks to avoid the application of sovereign immunity under the principle a sovereign waives the defense with respect to breaches of its contractual obligations. *Kinsey Construction Co. v. South Carolina Dept. of Mental Health*, 272 S. C. 168, 249 S. E. (2d) 900 (1978), *overruled, McCall v. Batson, supra.* The trial court found Rolandi could not avoid the doctrine of sovereign immunity by characterizing her claim as one in contract when its true nature was a claim in tort. We agree.

An express contract is an obligation which arises from the actual agreement of parties as manifested by words. *Stanley Smith & Sons v. Limestone College*, 283 S. C. 430, 322 S. E. (2d) 474 (Ct. App. 1984). An implied in fact contract is a contract which arises when the assent of the parties to the agreement is manifested by conduct. *Stanley Smith & Sons, supra.* We do not see the existence of either an express or implied in fact contract between Rolandi and the City. The prevailing rule is the sole basis of municipal liability for damages from the overflow of a sewerage system is negligence. *Ward v. City of Charlotte*, 48 N. C. App. 463, 269 S. E. (2d) 663 (1980), *rev. den.* 301 N. C. 531, 273 S. E. (2d) 403 (1980).

In the fifth cause of action, Rolandi claims an authorized taking of her property without just compensation. To establish this claim she must demonstrate the following elements: (1) an affirmative, positive, aggressive act on the part of the governmental agency; (2) a taking; (3) the taking is for a public use; and (4) the taking has some degree of permanence. *Berry's on Main, Inc. v. City of Columbia*, 277 S. C. 14, 281 S. E. (2d) 796 (1981). The trial court found the complaint failed to allege the damage resulted from an affirmative, aggressive, positive act on the

part of the City. We agree. We see nothing in the complaint similar to the actions described in *Berry's on Main.* The effort of Rolandi to allege a "taking" of her property is similar to the effort of the plaintiff in *Belue.* In that case, the damage to the property arose from a burst water line. The South Carolina Supreme Court rejected the unanthorized taking claim of the plaintiff. We believe this is an analagous situation.

In her last cause of action Rolandi claims she has been denied due process and equal protection to the law because the City has paid similar claims with other citizens but refuses to pay her claim. The record contains a release which was executed between the city and another citizen. The release indicates the City paid the homeowner the sum of $15,000.00 due to a sewage overflow which occurred in 1981. Further review of the document reveals the overflow occurred while a sewer crew of the City was flushing the sewer lines in the area. Factually there is a clear distinction between the situation of Rolandi and that represented by the release. We see nothing in the record to indicate the backflow in Rolandi's home occurred while the City was engaged in any type of work on the sewer lines. The complaint alleges the backflow occurred when Converse College drained its swimming pool. Therefore, Rolandi is not similarly situated.

We express no opinion as to the liability, if any, of the other named defendants in this suit.

The decision of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.