892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James MALLAS, individually and d/b/a Joel Enterprises and/or
the Investment Group of America, Plaintiff-Appellee,
v.
Leila D. RAINWATER, Defendant-Appellant,
and
A.J. Rainwater, Jr., a/k/a Jimmy Rainwater; Alpha-Omega
Realty, Inc.; Covenant Consultants, Inc.;
Faircrest Incorporated; Frank D. Guest;
Jeanne W. Guest, Defendants,
William O. Powers, Defendant and Third Party Plaintiff.
 No. 88-2990.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1989.
Decided: Dec. 1, 1989.
 
 Jon Rene Josey (Rogers and McBratney, on brief), for appellant.
 Daryl James Corbin, for appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Leila D. Rainwater appeals from an order of the district court denying her motion for judgment notwithstanding the verdict of the jury that awarded plaintiff damages in the amount of $340,800. Finding no error, we affirm.
 
 
 2
 * James Mallas brought this action against appellant, her husband, A.J. Rainwater, Jr., and others seeking recovery of money he had entrusted to them for investment purposes. The court submitted issues to the jury under theories of breach of contract accompanied by a fraudulent act and breach of fiduciary duty. The jury returned a $340,800 verdict against both Rainwaters and a $75,000 punitive damages verdict against A.J. Rainwater, Jr. only. This appeal followed.
 
 II
 
 3
 Through a relationship that had existed for some fifteen years before the facts giving rise to this action occurred, plaintiff learned that A.J. Rainwater, Jr. was an investment consultant. Around 1981, plaintiff established and funded Joel Enterprises as a trust for the financial benefit of his family. As he was disabled and unable to earn a living, plaintiff entrusted large sums of money to the Rainwaters.[1] The parties agreed that the Rainwaters would manage and invest the funds under specified conditions which were to result in a 20% annual return to plaintiff. As compensation, the Rainwaters were to be paid 25% of the earnings arising from the investments.
 
 
 4
 Over $460,000 of plaintiff's funds were invested by the Rainwaters, not always in accordance with conditions upon which they had agreed. For example, investment funds were used to start a textile business, Carolina Textiles. Even so, plaintiff continued to send money and, in fact, doubled his investment in Carolina Textiles. In October 1984, an agreement was reached between principals of Carolina Textiles and another textile company, Faircrest, Inc., for Faircrest to purchase Carolina's assets. Using some $200,000 which plaintiff had given them for investment in a coffee enterprise in Peru, the Rainwaters invested in Faircrest. Faircrest failed, plaintiff's money was lost and this action resulted.
 
 
 5
 From the evidence presented the jury also could have found the following facts:
 
 
 6
 1. Plaintiff never authorized the Faircrest investment.
 
 
 7
 2. As a part of the Carolina-Faircrest transaction
 
 
 8
 (a) A.J. Rainwater, Jr. received a three-year "consulting contract" with Faircrest at an annual rate of compensation of $30,000.
 
 
 9
 (b) Appellant received a $10,000 "finder's fee" from Faircrest.
 
 
 10
 (c) 60,000 shares of Faircrest stock were issued to appellant.
 
 
 11
 (d) Appellant received medical and dental benefits through Faircrest.
 
 
 12
 3. Plaintiff was not informed of, nor did he approve, the consulting contract, finder's fee, issuance of stock or health benefits for appellant.
 
 
 13
 4. After plaintiff learned of the Faircrest deal, appellant executed a "Deed to Secure Debt and Security Agreement" to plaintiff acknowledging that she was justly indebted to him in the sum of $200,000. A letter from A.J. Rainwater, Jr. to plaintiff indicated that this instrument was given to plaintiff to protect his investment.[2]
 
 
 14
 5. Appellant wrote a letter on the letterhead of Covenant Consultants, Inc. to the president of Faircrest. The letter referred to the $200,000 investment and made several references to "we" and "us". The letter was signed "L.M. Drake", appellant's maiden name.
 
 
 15
 6. When plaintiff became concerned about his investment, he telephoned A.J. Rainwater, Jr. On numerous occasions, appellant answered the telephone and reassured plaintiff, telling him that he did not have anything to worry about and that "we're up until two o'clock in the morning working on your behalf."
 
 III
 
 16
 The standard to be applied in determining the propriety of a denial of a motion for judgment notwithstanding the verdict is whether there is evidence, when considered in the light most favorable to the non-movant, on which a jury could properly base a verdict. Wyatt v. Interstate & Ocean Transport Co., 623 F.2d 888 (4th Cir.1980). The question thus becomes whether there was sufficient evidence to support a verdict for the party opposing the motion. Ralston Purina Co. v. Edmunds, 241 F.2d 164 (4th Cir.1957), cert. denied, 353 U.S. 974 (1957).
 
 
 17
 Under South Carolina law, a contract is an obligation upon the parties arising from their actual agreement manifested by words, oral or written, or by conduct, Gaskins v. Blue Cross-Blue Shield of South Carolina, 271 S.C. 101, 245 S.E.2d 598 (1978), and may be either expressed or implied. Stanley Smith & Sons v. Limestone College, 283 S.C. 430, 322 S.E.2d 474 (1984).
 
 
 18
 The evidence does not disclose a written contract between the parties. And, it is questionable whether the evidence would support a finding of an express contract between plaintiff and appellant although there is plenary evidence to support such a finding as to appellant's husband. However, the evidence listed above, when considered with the testimony of plaintiff that his dealings were with both of the Rainwaters, is sufficient in our view to support a jury finding of an implied contract between plaintiff and appellant. The decision of the district court denying appellant's motion for judgment notwithstanding the verdict is correct. Our holding, of course, makes it unnecessary to consider the alternative theory of recovery based on breach of fiduciary duty.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Appellant argues that all sums were invested with her husband or with a business entity, Covenant Consultants, Inc. However, this fact is not critical to a determination of the appeal
 
 
 [2]
 Although appellant denies signing this instrument, it was witnessed by two people, one of whom was a notary public