1865

David HUMPHRIES, Individually and d/b/a The Carolina's Warehouse, Plaintiff v. WHITLOCK COMBING CO., INC., and D. Denny Cooke, Robert H. Moore and Karl A. Folkens, Executors of the Estate of M. Murray McLendon, Jr., Defendants, of whom Whitlock Combing Co., Inc., is Appellant, and D. Denny Cooke, Robert H. Moore and Karl A. Folkens, Executors of the Estate of M. Murray McLendon, Jr., are Respondents.

(422 S.E. (2d) 154)

Court of Appeals

*Miles Loadholt* and *Desa Ballard* of *Ness, Motley, Loadholt, Richardson & Poole,* Barnwell, *for appellant.*

*Reginald C. Brown, Jr.,* and *Mary Layton Wells* of *The Hyman Law Firm,* Florence, *for respondents.*

Heard June 11, 1992.

Decided Aug. 10, 1992.

BELL, Judge:

This is a suit for breach of contract. David Humphries sued Whitlock Combing Co., Inc., and D. Denny Cooke, Robert H. Moore, and Karl A. Folkens, as executors of the estate of M. Murray McLendon, Jr., for failure to repay a loan. Humphries alleged he loaned Whitlock $125,000 through McLendon, acting in his official capacity as an officer of Whitlock. Whitlock denied negotiating a loan, but alleged it had fully satisfied any indebtedness by payment of the $125,000 to McLendon. Whitlock cross claimed against McLendon's estate for indemnification for any liabilities found to exist. The estate denied the loan transaction and alleged the money Whitlock paid to McLendon was repayment of another loan. The jury found for Humphries and also found in favor of McLendon's estate on Whitlock's cross claim. Whitlock moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The judge denied both motions. Whitlock appeals. We reverse and remand.

Humphries and McLendon had been friends for several years. They loaned each other money, pledged property to secure each other's loans, and had joint business ventures. One

of Humphries' businesses was The Carolina's Warehouse.

On October 8, 1984, McLendon filled out a check drawn on The Carolina's Warehouse and made payable to Whitlock in the amount of $125,000. Humphries signed the check, which indicated on its face it was a loan. Humphries contends the loan was to be repaid within 30 days.

The same day, McLendon deposited the check in Whitlock's bank account in Lake City. The comptroller of Whitlock testified McLendon often deposited money into the company's account with the understanding that it would be repaid at an interest rate of 14.5%. Whitlock's books reflected receipt of the loan from McLendon.

On October 30, 1984, Whitlock issued a check to McLendon in the amount of $126,151. The check stub stated the check was for repayment of a loan in the principal amount of $125,000 plus $1,151 interest. McLendon negotiated this check. On that date, Whitlock's books reflected no other loans from McLendon.

At trial, Whitlock sought to hold McLendon's estate responsible for any liability it might have to Humphries as a result of the October 8th transactions. The judge denied Whitlock's motion for a directed verdict on its cross claim and submitted the entire case to the jury. After the jury returned its verdict, Whitlock moved for judgment notwithstanding the verdict on the ground that the evidence showed it had repaid the $125,000 to McLendon.

The question presented on appeal is whether the trial judge erred in refusing judgment for Whitlock on its cross claim for indemnification against McLendon's estate.

In deciding motions for a directed verdict or for judgment notwithstanding the verdict, the trial judge must consider the evidence in the light most favorable to the nonmoving party. *Stanley Smith & Sons v. Limestone College*, 283 S.C. 430, 322 S.E. (2d) 474 (Ct. App. 1984). If more than one reasonable interference can be drawn from the evidence, the motion must be denied. *Id.* If, on the other hand, only one reasonable inference can be drawn from the evidence, the motion must be granted. *Id.*

The evidence showed that McLendon often made short term loans to Whitlock by depositing money into the com-

pany's bank account. The agreed interest rate on these loans was 14.5%. The company recorded all outstanding loans from McLendon on its books. When Whitlock paid McLendon $126,151 on October 30, 1984, McLendon had only one outstanding loan on the books, a loan for $125,000 made on October 8, 1984. This was the exact amount of the check from Humphries that McLendon had deposited in Whitlock's account on October 8, 1984. The stub for the October 30th check states "To repay loan" and shows the principal amount of $125,000, with interest of $1,151. There are 23 days from October 8th to October 30th. At 14.5%, interest for 23 days on principal of $125,000 is $1,141.95.[1] The only reasonable inference to be drawn from this evidence is that the check from Whitlock to McLendon was in repayment of the loan from Humphries.

McLendon's estate contends another reasonable inference—which was drawn by the jury—was that the October 30th check was repayment for some loan from McLendon other than the Humphries's loan. The difficulty with this argument is that there was no evidence of another $125,000 loan from McLendon to Whitlock at this or any other time. Any inference the jury might have drawn about another loan would thus have rested on speculation, not evidence. A verdict may not be based on speculation or conjecture. *Gosnel v. S.C. Dept. of Highways and Public Transportation*, 282 S.C. 526, 320 S.E. (2d) 454 (1984).

A principal has a right to indemnity from its agent for failure to pay over money due to a third party. *See, United States Casualty Co. v. Hiers*, 233 S.C. 333, 104 S.E. (2d) 561 (1958). Where the agent's failure to make payment results in a judgment against the principal, the latter is entitled to recover the amount of judgment, costs, and ex-

---

[1] To calculate the amount of interest:

| | |
|---|---|
| $125,000 | (principal) |
| x 14.5% | (interest rate) |
| 18,125 | (annual interest) |
| ÷ 365 | (days in a year) |
| 49.65 | (daily interest) |
| x 23 | (days of loan) |
| 1,141.95 | (total interest) |

Apparently, a $10.00 clerical error was made either in calculating the amount of interest or when the check was being typed.

penses from the former. *Id.* Accordingly, Whitlock is entitled to indemnification from McLendon's estate on its cross claim.

We reverse and remand for entry of judgment in favor of Whitlock on its cross claim against McLendon's estate.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.