THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Laboratory Corporation of 
 America,        Respondent,
 
 
 

v.

 
 
 
Smith Center for Medical Excellence, P.A. d/b/a 
 Greenville Center for the Aging and d/b/a Greenville Center,       
Appellant.
 
 
 

Appeal From Greenville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion No. 2003-UP-452
Submitted April 18, 2003  Filed 
 July 1, 2003

AFFIRMED

 
 
 
Kevin R. Eberle, of Charleston, for Appellant.
 Spencer Andrew Syrett, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Laboratory Corporation 
 of America sued Smith Center for Medical Excellence, P.A. d/b/a Greenville Center 
 for the Aging and d/b/a Greenville Center (Smith Center) for breach of contract, 
 alleging Smith Center had agreed to be responsible for $12,635.77 of laboratory 
 work for which Medicare had refused reimbursement.  The case was tried without 
 a jury.  The judge found an implied in fact contract based upon a regular course 
 of dealing and awarded Laboratory Corporation of America $12,635.77.  Smith 
 Center appeals, arguing the court erred in awarding damages for breach of an 
 implied in fact contract because Smith Center never accepted the contract based 
 upon its refusal to pay for the uncompensated laboratory work.
We affirm 
 [1] pursuant to S.C. Code Ann. § 14-8-250 (Supp. 2002), Rule 220(b)(2), 
 SCACR, and the following authorities:  I.  Standard of Review:  Barnacle 
 Broad. v. Baker Broad., 334 S.C. 140, 538 S.E.2d 672 (2001) (holding in 
 an action at law, tried without a jury, the appellate court standard of review 
 extends only to the correction of errors of law).  Gordon v. Colonial Ins. 
 Co. of California, 342 S.C. 152, 536 S.E.2d 376 (Ct. App. 2000) (stating 
 the trial judges findings of fact will not be disturbed upon appeal unless 
 the findings are wholly unsupported by the evidence or controlled by an erroneous 
 conception of the application of the law).  Kuznik v. Bees Ferry Assocs., 
 342 S.C. 579, 538 S.E.2d 15 (Ct. App. 2000) (recognizing the rule is the same 
 whether the judges findings are made with or without a reference).  King 
 v. PYA/Monarch, Inc., 317 S.C. 385, 453 S.E.2d 885 (1995) (noting the judges 
 findings are equivalent to a jurys findings in a law action).  Cherry v. 
 Thomasson, 276 S.C. 524, 280 S.E.2d 541 (1981) (concluding the appellate 
 court will not disturb the trial judges findings of fact that depend on the 
 credibility of witnesses).  Kiriakides v. Atlas Food Sys. & Servs., Inc., 
 343 S.C. 587, 541 S.E.2d 257 (2001) (determining it is not for the appellate 
 court to weigh the evidence).
II.  Breach of an Implied in Fact Contract:  
 Prescott v. Farmers Tel. Co-op, Inc., 335 S.C. 330, 335, 516 S.E.2d 
 923, 925 (1999) (finding a contract is an obligation which arises from actual 
 agreement of the parties manifested by words, oral or written, or by conduct).  
 Benya v. Gamble, 282 S.C. 624, 628, 321 S.E.2d 57, 60 (Ct. App. 1984) 
 (A contract exists where there is an agreement between two or more persons 
 upon sufficient consideration either to do or not to do a particular act.).  
 Roberts v. Gaskins, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. App. 
 1997) (Stated another way, there must be an offer and an acceptance accompanied 
 by valuable consideration.).  Rolandi v. City of Spartanburg, 294 S.C. 
 161, 363 S.E.2d 385 (Ct. App. 1987) (deciding an implied in fact contract arises 
 when the assent of the parties is manifested by conduct).  Florence City-County 
 Airport v. Air Terminal Parking Co., 283 S.C. 337, 322 S.E.2d 471 (Ct. App. 
 1984) (observing the parties must manifest their mutual assent to all essential 
 terms of the contract in order for an enforceable obligation to exist).
AFFIRMED.
CURETON, ANDERSON, and HUFF, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.