**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeremy Greene, Appellant,

v.

Medical University of South Carolina, Respondent.

Appellate Case No. 2013-001933

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-468
Submitted September 1, 2014 – Filed December 17, 2014

---

**AFFIRMED**

---

Ronald L. Richter, Jr., of Bland Richter, LLP, of Charleston, for Appellant.

Hugh Willcox Buyck, of Buyck, Sanders & Simmons, LLC, of Mount Pleasant, and Deborah Harrison Sheffield, of Law Office of Deborah Harrison Sheffield, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247-48 (2007) ("In

reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court. . . . The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." (citations and internal quotation marks omitted)); *Rolandi v. City of Spartanburg*, 294 S.C. 161, 164, 363 S.E.2d 385, 386-87 (Ct. App. 1987) ("An implied in fact contract is a contract which arises when the assent of the parties to the agreement is manifested by conduct."); *Stanley Smith & Sons v. Limestone Coll.*, 283 S.C. 430, 434, 322 S.E.2d 474, 477 (Ct. App. 1984) ("The parties must manifest their mutual assent to all essential terms of the contract in order for an enforceable obligation to exist."); *Jones v. Gilstrap*, 288 S.C. 525, 528, 343 S.E.2d 646, 648 (Ct. App. 1986) (holding conclusory allegations that a contract exists are not sufficient to state a claim for breach of contract); *Banks v. Med. Univ. of S.C.*, 314 S.C. 376, 379, 444 S.E.2d 519, 521 (1994) (declining to recognize a cause of action for breach of an implied contract arising from an alleged failure to provide adequate medical treatment).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.