**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ed Medford, in his individual capacity, and on behalf of those similarly situated, Respondent,

v.

Deepak Israni; R Cucamonga, LLC; PAC R Cucamonga LP; Pacifica Skylyn, LLC, d/b/a Pacifica Senior Living Skylyn, Etros, LLC; and Matthew Arledge, Appellants.

Appellate Case No. 2022-001210

———

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-316
Submitted September 25, 2024 – Filed September 25, 2024

———

**AFFIRMED**

———

Jonathan Gamble Roquemore, Joshua Daniel Shaw, Paul Edward Allen, Jr., all of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Appellants.

Patrick E. Knie, of Knie & Shealy Attorneys at Law, of Spartanburg; and Sam Mitchell Slade, Jr., of Spartanburg, for Respondent.

———

**PER CURIAM:** Deepak Israni; R Cucamonga, LLC; PAC R Cucamonga LP; Pacifica Skylyn, LLC, d/b/a Pacifica Senior Living Skylyn, Etros, LLC; and Matthew Arledge (Appellants) appeal the circuit court's order denying their "Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [of the South Carolina Rules of Civil Procedure], or in the Alternative to Stay and Compel Arbitration." On appeal, Appellants argue the circuit court erred by finding the Arbitration Agreement within the Residence and Services Agreement did not evince a mutual intent to be bound and was not supported by sufficient consideration. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying Appellants' motion to compel arbitration because the language of the Arbitration Agreement does not evince a mutual intent to be bound. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Wilson v. Willis*, 426 S.C. 326, 336, 827 S.E.2d 167, 173 (2019) ("A party seeking to compel arbitration under the FAA must establish that (1) there is a valid agreement, and (2) the claims fall within the scope of the agreement."); *id.* ("The consideration of contract validity is normally addressed applying general principles of state law governing the formation of contracts."); *Mart v. Great S. Homes, Inc.*, 441 S.C. 304, 312, 893 S.E.2d 360, 364 (Ct. App. 2023) ("Arbitration clauses are separable from the contracts in which they are imbedded." (quoting *Huskins v. Mungo Homes, LLC*, 439 S.C. 356, 366, 887 S.E.2d 534, 539 (Ct. App. 2023))); *id.* at 312-13, 893 S.E.2d at 364 ("Whether an arbitration clause is valid 'is distinct from the substantive validity of the contract as a whole.'" (quoting *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 540, 542 S.E.2d 360, 364 (2001))); *Simmons v. Benson Hyundai, LLC*, 438 S.C. 1, 7, 881 S.E.2d 646, 649 (Ct. App. 2022) (holding that whether the parties have an agreement to arbitrate is decided applying South Carolina law, and "the parties must also manifest a *mutual intent* to be bound" (emphasis added) (quoting ). Further, because Appellants did not evince a mutual intent to be bound and did not otherwise provide consideration to Ed Medford, the Arbitration Agreement was not supported by consideration. *See Miller v. Dillon*, 432 S.C. 197, 208, 851 S.E.2d 462, 468 (Ct. App. 2020) ("The necessary elements of a contract are an offer, acceptance, and valuable consideration." (quoting *Stanley Smith & Sons v. Limestone Coll.*, 283 S.C. 430,

433, 322 S.E.2d 474, 477 (Ct. App. 1984))); *S. Glass & Plastics, Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012))); *Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 505 (Ct. App. 2012) ("Valuable consideration may consist of 'some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.'" (quoting *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 331 S.C. 385, 389, 503 S.E.2d 184, 186 (Ct. App. 1998))); *Furman Univ. v. Waller*, 124 S.C. 68, 85, 117 S.E. 356, 362 (1923) (providing a "[p]romise for promise is a sufficient consideration" to support a bilateral contract (quoting *Rice v. Sims*, 8 Rich. 416 (1832))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.