**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lorraine Voros, by and through her duly appointed attorney-in-fact, John Voros, Respondent,

v.

Pacifica Skylyn, LLC, Appellant.

Appellate Case No. 2024-000468

Appeal From Spartanburg County
William A. McKinnon, Circuit Court Judge

Unpublished Opinion No. 2025-UP-317
Submitted September 10, 2025 – Filed September 17, 2025

**AFFIRMED**

Jonathan Gamble Roquemore, Joshua Daniel Shaw, and Paul Edward Allen, Jr., all of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Appellant.

Patrick E. Knie and Matthew William Shealy, both of Knie & Shealy Attorneys at Law, of Spartanburg, for Respondent.

**PER CURIAM:** Pacifica Skylyn, LLC (Appellant) appeals the circuit court's order denying its "Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [of

the South Carolina Rules of Civil Procedure], or in the Alternative to Stay and Compel Arbitration." On appeal, Appellant argues the circuit court erred by finding the Arbitration Agreement within the Residence and Care Agreement did not evince a mutual intent to be bound and was not supported by sufficient consideration. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying Appellant's motion to compel arbitration because the language of the Arbitration Agreement does not evince a mutual intent to be bound. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Wilson v. Willis*, 426 S.C. 326, 336, 827 S.E.2d 167, 173 (2019) ("A party seeking to compel arbitration under the [Federal Arbitration Act] must establish that (1) there is a valid agreement, and (2) the claims fall within the scope of the agreement."); *id.* ("The consideration of contract validity is normally addressed applying general principles of state law governing the formation of contracts."); *Mart v. Great S. Homes, Inc.*, 441 S.C. 304, 312, 893 S.E.2d 360, 364 (Ct. App. 2023) ("Arbitration clauses are separable from the contracts in which they are imbedded." (quoting *Huskins v. Mungo Homes, LLC*, 439 S.C. 356, 366, 887 S.E.2d 534, 539 (Ct. App. 2023))); *id.* at 312-13, 893 S.E.2d at 364 ("Whether an arbitration clause is valid 'is distinct from the substantive validity of the contract as a whole.'" (quoting *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 540, 542 S.E.2d 360, 364 (2001))); *Simmons v. Benson Hyundai, LLC*, 438 S.C. 1, 7, 881 S.E.2d 646, 649 (Ct. App. 2022) (holding that whether the parties have an agreement to arbitrate is decided applying South Carolina law and "[t]he parties must also 'manifest a *mutual intent* to be bound'" (emphasis added) (quoting *Stanley Smith & Sons v. Limestone Coll.*, 283 S.C. 430, 433, 322 S.E.2d 474, 477 (Ct. App. 1984))). Further, because Appellant did not evince a mutual intent to be bound and did not otherwise provide consideration to Lorraine Voros, by and through her duly appointed attorney-in-fact, John Voros, the Arbitration Agreement was not supported by consideration. *See Miller v. Dillon*, 432 S.C. 197, 208, 851 S.E.2d 462, 468 (Ct. App. 2020) ("The necessary elements of a contract are an offer, acceptance, and valuable consideration." (quoting *S. Glass & Plastics, Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012))); *Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 505 (Ct. App. 2012)

("Valuable consideration may consist of 'some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.'" (quoting *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 331 S.C. 385, 389, 503 S.E.2d 184, 186 (Ct. App. 1998))); *Furman Univ. v. Waller*, 124 S.C. 68, 85, 117 S.E. 356, 362 (1923) (providing a "[p]romise for promise is a sufficient consideration" to support a bilateral contract (quoting *Rice v. Sims*, 42 S.C.L. (8 Rich.) 416, 419 (1832))).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.